IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN K. RICHARDSON,       )
      Plaintiff,       )
                            )
      v.       )      C.A. No. 06-174 Erie
                            )
MICHAEL J. MACHEN, et al.,       )
      Defendants.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

    It is respectfully recommended that Defendants' Motion to Dismiss [Document # 25] be granted. It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants "County Officials in Allegheny County" be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

    On August 2, 2006, Plaintiff John K. Richardson, a prisoner presently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Named as Defendants are: Michael J. Machen, Director of the Allegheny County Public Defender's Office ("Machen"); Jim Durkin, Allegheny County Assistant Public Defender ("Durkin"); Steven McClintock, Allegheny County Assistant Public

Defender ("McClintock"); and unnamed officials in Allegheny County.[1]

Plaintiff's Complaint appears to allege that Defendants violated his Sixth Amendment right to effective assistance of counsel. In general, Plaintiff alleges that Defendant Machen "is responsible for having competent assistants in the employ of the Allegheny County Public Defender's Office," and that Defendants Durkin and McClintock "are nothing but walking Sixth Amendment violations" who should "not even be permitted to set foot in a courtroom...." (Document # 3, Complaint, at p. 5, ¶ 11). Plaintiff alleges further that Defendants Durkin and McClintock "failed to thoroughly review the stewardship of their predecessors [Plaintiff's prior trial counsel] in this egregious case and raise all instances of ineffectiveness of prior counsel before the Pennsylvania Supreme Court." (Id. at p. 6, ¶ 16). In addition, Plaintiff claims that Defendant Durkin "made no attempt whatsoever to stop [Common Pleas Judge] Manning from illegally imprisoning plaintiff in the privately ran lockup called Renewal, Inc.," and Defendant McClintock "made no attempt whatsoever to seek appellate review of plaintiff's criminal conviction [on March 9, 2005]." (Id. at p. 7, ¶¶ 17, 18).

Plaintiff also claims, generally, that his Eighth Amendment rights were violated because he was "illegally confined in the Allegheny County Jail between the dates of June 3, 2004 and August 3, 2004," and "[f]rom the dates of August 3, 2004 and November 3, 2004, [he] was illegally confined in the privately ran lockup called Renewal, Inc." (Id. at p. 5, ¶ 13).

In addition to the foregoing constitutional claims, Plaintiff has added a state tort claim of legal malpractice against Defendants Durkin and McClintock. As relief for his claims, Plaintiff seeks declaratory relief and monetary damages.

Defendants have filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. [Document # 25]. Despite being given ample time to do so, Plaintiff has failed to file a response to Defendants' motion. This matter is now ripe for

---

[1] In his Complaint, Plaintiff indicates that he would amend his Complaint to name the individual officials "responsible for the Allegheny County Public Defender's Office" (Document # 3, Complaint, at p. 3, ¶ 4); however, Plaintiff has failed to do so.

2

consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

3

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion
#### 1. Sixth Amendment Claims
##### a. Defendants Durkin and McClintock

Plaintiff's Sixth Amendment claims against Defendants Durkin and McClintock pertain solely to their alleged acts and omissions while they were representing Plaintiff as court-appointed public defenders.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that the challenged conduct was committed by (i) a person acting under color of state law and (ii) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981)(overruled in part on other

4

grounds, Daniel v. Williams, 474 U.S. 327, 330-31 (1986)); Young v. Beard, 2006 WL 3717387 at * 3 (W.D.Pa. Dec. 14, 2006). When a public defender performs a lawyer's traditional functions as counsel in criminal proceedings, he does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312 (1981); Stankowski v. Farley, 487 F.Supp.2d 543, 549 (M.D.Pa. 2007)(public defender not state actor). Thus, Plaintiff has failed to state actionable Sixth Amendment claims under 42 U.S.C. § 1983 against Defendants Durkin and McClintock, and such claims should, therefore, be dismissed.

### b. Defendant Machen

The sole Sixth Amendment claim that may be construed from Plaintiff's complaint against Defendant Machen is that he "is responsible for having competent assistants in the employ of the Allegheny County Public Defender's Office," and has failed to fulfill this responsibility. (Document # 3, Complaint, at p. 5, ¶ 11).

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates'

5

violations).

Here, Plaintiff has failed to allege that Defendant had any personal involvement in the alleged misconduct of Defendants Durkin and McClintock. As a result, Plaintiff has failed to state a cognizable Sixth Amendment claim against Defendant Machen, and such claim should, therefore, be dismissed.

### 2.     Eighth Amendment Claim

To the extent Plaintiff has attempted to assert an Eighth Amendment claim as a result of his alleged "illegal confinement" in the Allegheny County Jail and Renewal, Inc., such claim must fail against the named Defendants in this action. Simply stated, the Defendants in this case had nothing to do with sentencing or incarcerating the Plaintiff, as their only role was to defend and advocate Plaintiff's rights during his criminal trial and subsequent appeals. Thus, Plaintiff's Eighth Amendment claim against the named Defendants in this case should be dismissed.

### 3.     Claims Against Unnamed Allegheny County Officials

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by

prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[2]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

As noted previously, unnamed Defendants "County Officials in Allegheny County" were never specifically identified by Plaintiff, nor were they served with a copy of the complaint in this case. As a result, all unnamed Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the commencement of this case.

### 4. Legal Malpractice Claims

In addition to his constitutional claims, Plaintiff has asserted claims of legal malpractice against Defendants Durkin and McClintock. (Document # 3, Complaint, at p. 6, ¶¶ 15, 16). Initially, the Court recognizes that a legal malpractice claim is not cognizable under 42 U.S.C. § 1983. Fletcher v. Hook, 446 F.2d 14 (3d Cir. 1971). Thus, such claims are pendent state law claims under Pennsylvania law, over which this Court is not required to exercise jurisdiction

---

[2]

Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

7

absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under 42 U.S.C. § 1983 must fail as a matter of law, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claims. As a result, Plaintiff's legal malpractice claims against Defendants Durkin and McClintock should be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss [Document # 25] be granted. It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants "County Officials in Allegheny County" be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 16, 2007

cc: The Honorable Sean J. McLaughlin
United States District Judge